1  **LAW OFFICE OF RICCI & SPROULS**
Attorneys at Law
2  445 Washington Street
San Francisco, California 94111
3  (415) 391 2100
FAX (415) 391 4678
4  **FRANK P. SPROULS** State Bar #166019
Attorney for Petitioner
5

6
**UNITED STATES DISTRICT COURT**
7  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**
8

9  Petitioner,

10  **Lucio MARIN-JORDAN**            Petition for **WRIT OF MANDAMUS**

11  v.

12  **Alberto Gonzalez**, **ATTORNEY GENERAL OF THE UNITED STATES AND**
13  **David Sill**,
Acting District Director, San Francisco
14  Office, **U.S. BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES**
15

16  Respondents

17

18

19

20  **JURISDICTION AND VENUE**

21  1. Petitioner hereby bring this civil action to petition the court for extraordinary relief in the

22  nature of a writ of mandamus, directed to Defendant, Alberto E. Gonzalez, Attorney

23  General of the United States and his employees and agents in the Bureau of Citizenship

24  and Immigration Services; specifically the District Director of the San Francisco Office

25  of the Bureau of Citizenship and Immigration Services, David N. Still.

PETITION FOR WRIT OF MANDAMUS, <u>Marin-Jordan v. Gonzalez</u>                    1

2. This action is brought to redress the deprivation of rights, privileges and immunities secured to Plaintiff through statute, by which authority jurisdiction is conferred, to compel Respondents to perform a duty Respondents owes to Petitioner.

3. This action is brought to compel the Respondent to adjudicate the Petitioner's Adjustment of Status Application, Form I-485, filed on his behalf by his United States Citizen Wife, on April 24, 2006.

In support of this petition, Petitioner alleges the following:

## THE PARTIES

4. Plaintiff, (hereafter the "petitioner"), is a citizen and national of Mexico.

5. Defendant, Alberto E. Gonzalez, is the Attorney General of the United States and controls the Immigration & Naturalization Service, and is named herein solely in his official capacity.

6. Defendant David N. Sill is the acting Director of the San Francisco Office of BCIS and is named herein solely in his official capacity.

## THE FACTS

7. On April 24, 2006, Petitioner filed an application I-485 with the United States Department of Homeland Security's Citizenship and Immigration Services' ("Service") processing center in Chicago, Illinois, (**EXHIBIT A**) based upon an I-130 filed on behalf of client by his spouse back in 1997.(**EXHIBIT B**)

8. After the submission of the application and supporting documentation, Petitioner has not received any correspondence from the Service.

PETITION FOR WRIT OF MANDAMUS, Marin-Jordan v. Gonzalez

2

9.  Our office has made a number of attempts in contacting the Service to inquire into Petitioner's case status and the receipt and/or adjudication of the application. (**EXHIBIT C, D & E,F**)

10. The Petitioners is understandably frustrated by the lack of response and determination of his application for legalizing his status which has pending for approximately **ONE YEAR**.

11. The unreasonable delay in action has caused a great deal of anxiety and uncertainty regarding Petitioner's legal status and as such, we must reluctantly turn to this Court for relief.

## ARGUMENT

**A. Governing Law**

12. The relief of mandamus is only available if the petitioner demonstrates "(1) a clear right to the relief, (2) a clear duty by the defendant to do the act requested, and (3) the lack of any other adequate remedy." Allied Chemical Corp. et. al v. Daiflon, *449* U.S. 33 (1980)

This case abundantly meets the test for mandamus relief.

**I. CLEAR RIGHT TO RELIEF**

13. Per INS regulations, if an immediate relative of a U.S. citizen is already present in the United States based on a lawful entry, an adjustment of status package, including an I-130 petition, may be filed with the local district office of Department of Homeland Security Citizenship & Immigration Services (CIS).  Once there has been a consecutive filing of forms I-130 and I-485 as well as additional documentation, there will be an interview scheduled by the local CIS office.

14. After establishment of a valid marriage, the Service, after thorough consideration and minus any other impediments, then grants the adjustment of status of the alien relative.

15. Petitioner has clearly executed the requirements necessary for adjudication of his adjustment of application.

16. However, due to the failure by the Service to duly act upon the Petitioner's applications, the Petitioner is foreclosed to pursue any other remedy.

## II. **CLEAR DUTY TO ACT**

17. An obvious necessary corollary to the grant of residency is the adjudication of Petitioner's adjustment of status application by the Defendants.

18. It has been **ONE YEAR** the Petitioner's application was filed with the Service.

19. There are no exceptional circumstances which would necessitate additional time in making a determination in Petitioner's case.

## III. **LACK OF ANY OTHER ADEQUATE REMEDY**

20. The Defendant/Respondents are, of course, the only entity legally empowered to adjudicate the Petitioner's application.

21. At the present time, it is abundantly clear that the Petitioner has no other relief at law.

### B. **Nature of Relief Sought**

22. This action seeks the Court to issue a writ of mandamus compelling the defendants to schedule the Petitioner with a decision within 30 days of this order.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **CONCLUSION**

23. It is respectfully requested that this Court issue an order directed to Defendants and their counsel to answer Plaintiff's Petition to show cause why the relief prayed for in this action should not be granted.

24. Petitioner prays that a writ of mandamus be issued under the seal of this Court commanding the Defendants to make a determination as to Petitioner's security clearance and ultimately his Petition for Alien Relative.

Respectfully submitted:

**Dated**: _____ **2007**

_____

**Frank P. Sprouls**

PETITION FOR WRIT OF MANDAMUS, <u>Marin-Jordan v. Gonzalez</u>

5