LAW OFFICE OF RICCI & SROULS
Attorneys at Law
445 Washington Street
San Francisco, California 94111
(415) 391 2100
FAX (415) 391 4678
FRANK P. SROULS State Bar #166019
Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO MARIN-JORDAN<br>Petitioner/Appellant<br><br>v.<br>ALBERTO GONZALEZ,<br>ATTORNEY GENERAL OF THE UNITED<br>STATES AND<br>David Still,<br>Acting District Director, San<br>Francisco Office, U.S.<br>IMMIGRATION AND NATURALIZATION<br>SERVICE<br>Respondent. | ***UNOPPOSED* MOTION TO REINSTATE**<br><br>**BRIEFING SCHEDULE AND TO SET**<br><br>**NEW HEARING DATE**<br><br>**C-07-3566 PJH** |

I have contacted the Office of the US Attorney. We have explained to them the facts and circumstances behind the failure to serve them and the failure to file the Brief and to attend the Hearing that was scheduled for September 26, 07.

1   The attorney handling this matter is Melanie Proctor, Esq.,

2   and she is not opposed to reinstating the previously scheduled

3   Briefing schedule and to setting a new hearing date.

4   The only proviso that Ms. Proctor would ask is that her

5   Response be scheduled 60 days out.

6   During the intervening time, it is hoped that the parties

7   can reach and accommodation and the application can be acted

8   upon by the Respondents, at which time Petitioner would withdraw

9   the writ.

10  Counsel would like to thank the Office of the US Attorney and

11  counsel would like to again apologize to the Court.

12

13                              **CONCLUSION**

14  Based on the stipulation of the parties, the Government does

15  not oppose reinstating the Briefing schedule. The Government would

16  ask for sixty days to file its Response.

17  Counsel would only need two weeks follwing the Government's

18  Response.

19  Dated:_____ 2007

20

21

22

23  _____

24  Frank P. Sprouls

25

At the outset, counsel would like to state that it is a priq.vilege and an honor to appear before the District Court and I would like to sincerely and conscientiously apologize for causing any inconvenience to the Court.

I would like to explain the "perfect-storm" confluence of events that led to this anomalous situation where I did not respond to a briefing schedule and did not attend a hearing.

Please find as Exhibit A, a declaration of counsel that sets forth the factors that led to this state of affairs.

As is set forth in the declaration, we lost our domain page and our E-mail was down at the time of 08/16/07 order.

I am sure that there was a failure of delivery as we did not have an E-Mail service at that time.

We simply did not receive the 08/16/07 Order setting the briefing schedule and the hearing date.

This is buttressed by a declaration from my litigation assistant. (Exhibit B)

Indeed, I was out of the office on vacation from September 24 to October 8th and I can unequivocally state that I would not have flouted a Court hearing if I had notice. (Exhibit C)

It is also clear that the US Attorney was not served and this is pure ministerial error and I humbly and respectfully apologize to the Court. (Exhibit A – declaration of Counsel)

I have served and spoken with the US attorney's office. (Exhibit D)

I have a very convivial and processional relationship with that office and I am hoping that they will not oppose setting a new briefing schedule and a new hearing date. The case has not yet been assigned to an attorney and if they so agree, I will file a motion under separate cover.

I am mortified beyond words at the confluence of events that have led to this OSC and I would again apologize.

The Petitioner here is blameless and he is simply seeking adjudication of the duly filed application that his wife has filed on his behalf.

In solicitude of the Petitioner, I would respectfully ask the Court to consider the above and to allow the writ to proceed.

I would again apologize.


Dated;_____ 2007

_____

Frank P. Sprouls

**GENERAL ALLEGATIONS**

This caseis particualry well suited to Summary Judgement because the facts \

On November 17, 2005, the Bureau of Citizenship and Immigration Services denied Petitioner's appeal of the

1   administrative hearing officer's denial of his application for

2   Naturalization. (Exhibit A)

3        2. The Immigration and Nationality Act, section 310 (c)

4   (hereinafter referred to as the INA) provides the jurisdictional

5   grounds for this petition for review;

6        "a person whose application for naturalization under this
7        title is denied after a hearing before an immigration
         officer under section 336 (a), may seek review of such
8        denial before the United States district court in which
         such person resides in accordance with Chapter 7 of title
9        5, United States Code. Such review shall be de novo and the
         court shall make its own findings of fact and conclusions
10       of law, and shall, at the request of the petitioner,
         conduct a hearing de novo on the application."

11

12       3.This petition for review is timely under 8 CFR 336.9

13  which states,

14       "...under these procedures an applicant shall file a petition
15       for review....within a period of not more than 120 days after
         the Service's final determination."

16

17       4. Furthermore, venue is proper in that the Petitioner

18  resides within the jurisdiction of this court and his

19  application was denied by the San Francisco office of the INS

20  which is similarly within the jurisdiction of this court.

21       5.The application was denied based on the Carthaginian

22  finding that he is an aggravated felon as a drug trafficker and

23  that he had been convicted of a drug offense based on his one,

24  lone conviction for a violation of CA Health & Safety Code 11352

25  and thus he cannot demonstrate good moral character under 8 USC

1101 (f) (8) which is the essential statutory predicate to eligibility for Naturalization. 8 USC 1427 (d).

    6. As the following will demonstrate, his crime cannot be classified as an aggravated felony.

    7. Next, it is not even a drug offense under applicable Ninth Circuit Law, however, even if it is construed as a non-aggravated felony drug offense, it does not categorically bar him from relief as it occurred outside of the five years for which good moral character must be established.

    8. The Administrative Agency is denying the application based on a criminal complaint filed in the County of San Mateo alleging criminal violations of CA Health and Safety Code 11352 and Health & Safety Code 11351, committed on or about 01/06/1994. (Exhibit B)

    9. A judgment of guilt was rendered on 04/26/94. (Exhibit C)

    The Immigration Service found that this crime was an aggravated felony and, based on their reading of the law, any alien with an aggravated felony conviction dated after November 29, 1990 is categorically barred, permanently, in perpetuity, from ever demonstrating good moral character. (Exhibit A)

I. **THE STATUTE AT HAND IS A DIVISIBLE STATUTE**

There is no question that that the applicable statute meets the definition of a "divisible statute" and thus the modified categorical analysis should apply. CA Health and Safety Code 11352; Rivera-Sanchez, 247 F.3d. 905, 908 (9th Cir. 2001) Huerta-Guevara v. Ashcroft, 321 F.3d. 883 (9th Cir. 2002);Abreu-Reyes v. INS, 292 F.3d. 1029 (9th Cir. 2003;Lara-Chacon v. INS, 3455 F.3d. 1148 (9th Cir. 2003); Eliceo Hernadez-Martinez v. Ashcroft, 343 F. 3d. 1075 (9th Cir. 2003); Levya-Licea v. INS, 187 F.3d. 1147, 1150 (9th Cir. 1999); Coronoda-Durazo v. INS, 123 F.3d. 1322 (9th Cir. 1997)

Now, there is no question that the Ninth Circuit has held that the statute at hand is "divisible".

In Rivera-Sanchez, Huerta-Guevera, supra the Ninth Circuit held that a conviction for CA Health and Safety Code 11360 was **not** a drug trafficking crime and thus not an aggravated felony because the applicable statue was divisible and is not, on its face, a crime involving drug trafficking.

In Rivera, the statute at hand is an exact counterpart to Respondent's conviction under Health and Safety Code 11352.

Health and Safety Code 11360 states,

"Every person who transports, imports, into this state, sells, furnishes, administers, or gives away or attempts

to…. Shall be punished by imprisonment in the state prison…"

Health and Safety Code 11352 states,

"Every person who transports, imports into this state, sells, furnishes or gives away or offers to… shall be punished by imprisonment in the state prison."

The Ninth Circuit held that since the statute covered behavior that **does** constitute trafficking and other behavior that does not, the statute is divisible and that the Government could not simply use the face of the conviction document to prove that the crime involved drug trafficking.

Any offense labeled a drug trafficking crime is also an aggravated felony under section 101 (a) (43) of the Act.

Title 18 section 924 of the U.S. Code defines drug trafficking as any felony punishable under the Controlled Substances Act, the Import and Export Act and the Maritime Drug Law Enforcement Act.

Both the BIA and the 9th Circuit have held that when determining analogous state statutes the "full range of conduct encompassed by the state statute must meet the definition of an aggravated felony under the federal statute. U.S. v. Lomas, 30

F.3d. 1191, 1194 (9th Cir. 1994) 1194; <u>Matter of Barret</u>, Int. Dec. 3131 (Board of Immigration Appeals)

The state statute must include all elements of the offense for which an alien could be convicted and punished under the cited federal laws. <u>Matter of Barret</u>, supra.

## II. __THE GOVERNMENT CANNOT PROVE THAT THIS IS A DRUG OFFENSE LET ALONE AN AGGRAVATED FELONY.__

In <u>Taylor v. United States</u>, 495 U.S. 575 602 (1990 the Supreme Court set forth the standard for admissible conviction documents where the statute, on its face is inadequate and thus the categorical approach is inadequate.

In this circuit, in the context of a plea, a Court may consider the charging papers and a signed plea agreement; <u>United States v. Sweeten</u>, 933 F.2d. 765, 772 (9th Cir. 1991); charging papers and transcript of a plea proceeding; <u>Untied States v. Bonat</u>, 106 F.3d. 1472, 1472, 1476-1477: charging papers and judgment on a guilty plea where the judgment shows that the defendant pled guilty for the reasons stated in the charging papers. <u>Bonat</u>, at 1477

Here, please see Exhibit B, Count 2, which the count hat that the Petitioner pled to. It merely recites the exact language of the statute at H&S 11352. It does not clarify or expand on the statute in any way.

Next, where the only document that is proffered, just as here, is the judgment, the **judgment must show that the defendant pled guilty for the reasons stated in the charging papers.** Bonat at 1477.

Here, however, the judgment in this case is totally inadequate under US v. Navidad-Marcov 367 F.3d. 903 (9th Cir. 2004)

The record of conviction, does state, "sale of cocaine however, the Ninth has held that a judicial counsel form judgment is not a "judicial act" and does not identify the precise nature of the criminal transaction. Navidad-Marcov, supra

In Navidad the Government attempted to use the same record of conviction that is used here – a CA Judicial Council form.

Under CA law, the form of the abstract of judgment is promulgated by the Judicial Counsel of California. "The form simply calls for the identification of the statute of conviction and provides a very small space in which to type the description. It does not contain information as to the criminal

acts which <u>the defendant unequivocally admitted in a plea</u>
<u>colloquy before the court.</u>" <u>Navidid</u>, supra.

The <u>Navidid</u> court was careful to point out that the
"abstract of judgment is a clerical not a judicial act." <u>People</u>
<u>v. Rodriguez</u>, 152 Cal. 4th 1071, 1075 (1984)

Now, when these divisible statutes are construed, the
argument in the Ninth Circuit is that the statute also
criminalizes the non-drug, preparatory, inchoate crime of
"solicitation."

We reiterate then, that the law of our circuit is clear -
The CA "transportation" statute is a divisible statute precisely
because it also punishes solicitation to commit the underlying
drug related behavior and the Ninth Circuit has specifically
held that solicitation to commit a drug offense is not a crime
relating to a controlled substance and thus the modified
categorical approach must be employed.

In <u>Levya-Licea v. INS</u>, 187 F.3d. 1147 (9th Cir. 1999) the
Court dealt specifically with an Arizona statute that is not a
general solicitation statute but is specifically "solicitation
to possess marijuana for sale", Ariz. Rev. Stat section 13-1002
(A) and the Ninth held that a conviction under that statute is
not a "law relating to a controlled substance.

In Levya-Licea, the statute was specifically and
unambiguously solicitation to possess marijuana for sale.

1    The BIA held that it **was** a law relating to controlled

2   substance citing Matter of Beltran, Int. Dec. 3179)

3    The Ninth Circuit **overruled** the BIA stating,

4    "After the BIA issued its decision we held in Coronando-
Durazo v. INS 122 F.3d. 1322 (9th Cir. 1997) that Arizona's
5   generic solicitation is not a law relating to a controlled
substance and that violation of that law is not an aggravated
6   felony... .even where the solicited conduct is a narcotics
violation, Coronado-Durazo controls our treatment of the issue
7   and compels our conclusion that Levya-Licea's conviction for
solicitation to possess marijuana for sale is not a deportable
8   offense under INA 241 (a) (2) (B) (i)."

9

10    Now, INA 241 (a) (2) (B) (i) is, of course, the ground of

11   deportability, **"relating to a controlled substance".**

12    The idea in these lines of case is that the inchoate

13   criminal offense of solicitation to commit any crime is a

14   separate and distinct crime from the underlying solicited

15   criminal conduct.

16    It is thus clear that the Applicant has not been convicted

17   of an aggravated felony or even a drug offense.

18

19   **III. THE APPLICANT IS DESERVING OF THE FAVORABLE EXERCISE OF**

20   **DISCRETION UNDER THIS COURT'S DE NOVO POWERS**

21    Counsel quite literally stands humbled before this man. He

22   has given far more to his community than he has taken.

23    He was an exemplary parolee, having being discharged at the

24   earliest possible date allowed by law. (Exhibit D).

25

1    He has become a role model for other young men who have

2  made the same mistake as the Applicant. (Exhibit E).

3    He has earned commendations for this work from the Congress

4  of the United States, the California State Legislature and the

5  San Mateo Board of Supervisors. (Exhibit F).

6    He has so engendered the support of the community that _**29**_

7  people have felt compelled to write in support of the Applicant.

8  (Exhibit G).

9

10

11

12

13                              **CONCLUSION**

14    Based on the foregoing, the Applicant is not barred from

15  Naturalization.

16    Based on the foregoing, the applicant is deserving of joining

17  the American community in the most meaningful way possible by

18  becoming a citizen of the United States.

19  Dated:_____ 2006

20

21  _____

22  Frank P. Sprouls

23

24

25

the Petitioner's conviction for violations of CA Health and Safety Code 11352, committed on or about June 1990 with a judgment of guilt rendered on February 19, 1991, are "aggravated felonies" under section 8 USC 1101 (a) (43) under the drug trafficking grounds and thus he is ***forever*** barred from demonstrating good moral character, which is a statutory prerequisite to the grant of Citizenship under 8 USC 1427.

6. On December 24, 1990, the Petitioner was served with a four count complaint alleging violations of Health and Safety Code 11352. (Exhibit B)

7. The complaint reveals that the criminal acts occurred on or around June and July of 1990. (Exhibit B)

8. Pursuant to a negotiated disposition, the Petitioner was convicted on February 19, 1990. (Exhibit C)

9. The Immigration Service found that this crime was an aggravated felony and based on their reading of the law, any alien

with an aggravated felony conviction dated after November 29, 1990 is categorically barred, permanently, in perpetuity, from ever demonstrating good moral character.

10. The Service is wrong in their classification of the crime as an aggravated felony and they are wrong in their interpretation of the statute.

11. a) **CA Health and Safety Code 11352 is a "divisible statute" and thus the Respondents cannot sustain their burden of proving the offense is classifiable as an aggravated felony.**

12. This is so because the Ninth Circuit has developed the "modified categorical" approach to determining what are admissible conviction documents in determining the nature of a "divisible" criminal conviction in the Deportation/Removal context. Rivera-Sanchez, 247 F.3d. 905, 908 (9th Cir. 2001) Huerta-Guevara v. Ashcroft, 321 F.3d. 883 (9th Cir. 2002); Abreu-Reyes v. INS, 292 F.3d. 1029 (9th Cir. 2003; Lara-Chacon v. INS, 3455 F.3d. 1148 (9th Cir. 2003); Eliceo Hernandez-Martinez v. Ashcroft, 343 F. 3d. 1075 (9th Cir. 2003); Levya-Licea v. INS, 187 F.3d. 1147, 1150 (9th Cir. 1999); Coronoda-Durazo v. INS, 123 F.3d. 1322 (9th Cir. 1997)

13.    Now, there is no question that the Ninth Circuit has held that the statute at hand is "divisible".

14. In <u>Rivera-Sanchez</u>, <u>Huerta-Guevera</u>, supra the Ninth Circuit held that a conviction for CA Health and Safety Code 11360 was **<u>not</u>** a drug trafficking crime and thus not an aggravated felony because the applicable statue was divisible and is not, on its face, a crime involving drug trafficking.

15. In <u>Rivera</u>, the statute at hand is an exact counterpart to Respondent's conviction under Health and Safety Code 11352. Health and Safety Code 11360 states,

"Every person who transports, imports, into this state, sells, furnishes, administers, or gives away or attempts to…. Shall be punished by imprisonment in the state prison…"

Health and Safety Code 11352 states,

"Every person who transports, imports into this state, sells, furnishes or gives away or offers to… shall be punished by imprisonment in the state prison."

16. The Ninth Circuit held that since the statute covered behavior that **<u>does</u>** constitute trafficking and other behavior that <u>does not</u>, the statute is divisible and that the Government could not simply use the face of the conviction document to prove that the crime involved drug trafficking.

17. Any offense labeled a drug trafficking crime is also an aggravated felony under section 101 (a) (43) of the Act.

18. Title 18 section 924 of the U.S. Code defines drug trafficking as any felony punishable under the Controlled Substances Act, the Import and Export Act and the Maritime Drug Law Enforcement Act.

19. Both the BIA and the 9th Circuit have held that when determining analogous state statutes the "full range of conduct encompassed by the state statute must meet the definition of an aggravated felony under the federal statute. U.S. v. Lomas, 30 F.3d. 1191, 1194 (9th Cir. 1994) 1194; Matter of Barret, Int. Dec. 3131 (Board of Immigration Appeals)

20. The state statute must include all elements of the offense for which an alien could be convicted and punished under the cited federal laws. Matter of Barret, supra.

21. Here, the applicable code encompasses conduct which is clearly not "trafficking" under the federal statute or any narcotics statute.

22. H&S 11352 contemplates, among other conduct, moving a small amount of a controlled substance for personal use as well as "giving away" or "administering" to another. People v. Eastman, (1993) 13 Cal. App. 4th 668; People v, Cortez, (1985) 166 Cal. App. 3d 994.

23. However, the statute also punishes conduct which is inarguably trafficking - "selling... "importing"

24. Under the modified categorical approach in the context of a Plea, the only permissible documents are the record of conviction, plea transcript (that recites the actual conduct) or a Plea allocution.

25. The complaint is admissible but only in conjunction with the record of conviction that illuminates the nature of the charge.

26. In the instant case, the complaint is not admissible and the record of conviction, while it does state, "sell, and offer to sell" is not a judicial act and does not identify the precise nature of the criminal transaction. US v. Navidad-Marcov  367 F.3d. 903 (9th Cir. 2004)

27. Navidad is a mirror into this case. The conviction at hand was a California statute – Health and safety Code 11379 – the exact same type of "divisible" statute present here.

28. The Government attempted to use the same record of conviction that is used here – a CA Judicial Council form.

29. Under CA law, the form of the abstract of judgment is promulgated by the Judicial Counsel of California. "The form simply calls for the identification of the statute of conviction and provides a very small space in which to type

the description. It does not contain information as to the criminal acts which the defendant unequivocally admitted in a plea colloquy before the court." <u>Navidid</u>, supra.

30. The <u>Navidid</u> court was careful to point out that the "abstract of judgment is a clerical not a judicial act." <u>People v. Rodriguez</u>, 152 Cal. 4th 1071, 1075 (1984)

31. The Government cannot prove that the conviction is an aggravated felony and the matter must be remanded to the Service in order that they may address the application for Naturalization on the merits.

32. b) **<u>"Assuming arguendo that the convictions are classifiable as aggravated felonies, the date of the "commission" of the offense, not the date of "conviction" controls the analysis in terms of the lifetime bar to demonstrating good moral character.</u>**

33. Now, even if this crime is classified as an aggravated felony, it does not bar Petitioner from eligibility for Citizenship.

34. This is so because Section 316 must be read in conjunction with 101 (a) (f) (8) regarding good moral character.

> "no person shall be regarded as, or found to be, a
> person of good moral character who, during the period
> for which good moral character is required to be
> established is, or was...one who at any time, has been
> convicted of an aggravated felony as defined in
> subsection 101 (a) (43).

35. In terms of 101 (a) (f) (8,) and the applicability of criminal convictions as a bar to finding good moral character, prior to the legislation known as "IMMACT90", the only bar to a finding of good moral character was a conviction for murder.

36. After IMMACT 90, the bar to a finding of good moral character added the laundry list of convictions found at 101 (a) (43) which IMMACT90 added to that section - drug trafficking, crimes or violence with a five year sentence and so on.

37. However, IMMACT90 specifically addressed the effective date of aggravated felonies in terms of the bar to a finding of good moral character under 101 (a)(f)(8) and held that this bar only applies to convictions on or after the effective date - ***November 29, 1990***.

38.  There is nothing in the text of the subsequent 1996 legislation known as IIRAIRA that alters this temporal analysis.

39.  This is the analysis adopted by the Citizenship Unit and they concluded that, since the date of the <u>conviction</u> was 1991, the Petitioner is forever barred from demonstrating good moral character.

40.  This analysis is seriously flawed however. The temporal reach of the amendments to INA 101 must be read in conjunction with the specific language of the statute.

41.  The language of the statute in section 101 deals specifically with the date of ***commission***

> "a member of one or more of the classes of persons….. if the offense described therein, for which such person was convicted of or who admits the commission, was ***committed*** during such period."  8 USC 1101 (f) (3).

42.  This is the exact same language found in former law.

43.  Next, in another part of 8 USC 1101 (f) the statute again specifically refers to the "commission" of the offense,

> "One who has been convicted of two or more gambling offenses committed during such period. 8 USC 1101 (f) (5)

44.  This analysis is congruent with other disqualifying sections of the Act that deal with criminal ***behavior*** that will foreclose eligibility for relief-

45. For instance, INA section 240A (d) (1) which deals with relief from Deportation/Removal for both Lawful Residents and non Lawful Resident who have committed criminal offenses, again deals specifically with commission, not conviction.

TERMINATION OF CONTINUOUS POERIOD – For purposes of this section, any period of continuous residence shall be deemed to end when the alien is served a Notice to Appear under section 239 (a) or when the alien has *__committed__* an offense referred to in section 212 (a) (2) [criminal convictions] that renders the alien inadmissible to the United States or removable from the United States under section 237."

46. This makes perfect sense insofar as these statutes deal with disqualifying behavior and the date of commission provides certainty as to the date of the disqualifying criminal behavior and it is thus not as arbitrary as the date of conviction which is necessarily dependent on the vagaries of the court's calendar and the often dilatory tactics of criminal defense attorneys.

47. Indeed, it would be illogical to construe the effective date provisions of a statute that deals specifically with the commission of the offense by reference to the date of __conviction__.

### Prayer for Relief

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        Petitioner would therefore respectfully ask that this Court

issue an Order directing the Respondents to address the merits of

the Application for Citizenship.

Dated:_____ 2004


_____

Frank P. Sprouls