```
LAW OFFICE OF RICCI & SPROULS
Attorneys at Law
445 Washington Street
San Francisco, California 94111
(415) 391 2100
FAX (415) 391 4678
FRANK P. SPROULS State Bar #166019
Attorney for Petitioner
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO MARIN-JORDAN<br>Petitioner/Appellant<br><br>v.<br>ALBERTO GONZALEZ,<br>ATTORNEY GENERAL OF THE UNITED STATES AND<br>David Still,<br>Acting District Director, San Francisco Office, U.S. IMMIGRATION AND NATURALIZATION SERVICE<br>Respondent. | **MOTION TO VOLUNTARILY DISMISS BASED ON RECENT, DISPOSITIVE NINTH CIRCUIT CASE LAW**<br><br>**C-07-3566 PJH** |

The writ in this matter seeks to compel the Respondent to adjudicate an Adjustment of Status application in conjunction with a "Waiver to Re-Enter after Deportation or Removal."

It was our contention that the Respondents have jurisdiction to adjudicate these twin applications under the

holding of Perez-Gonzalez v. Gonalez 379 F.3D. 783 (9TH Cir. 2004).

Perez-Gonzalez stood for the proposition that it is true that the Attorney general may reinstate a prior order of Deportation or Removal under 8 USC 1251 (a)(5) however, if the alien has filed a waiver of the prior order of Deportation or Removal, the Attorney General is statutorily bound to first adjudicate the waiver.

However, the Ninth Circuit has (regrettably) explicitly overruled Perez-Gonzlez in Duran v. Dep't of Homeland Security, 07-35021 (9th Cir. Nov. 30, 2007).

Given that the writ seeks to compel agency action on an application over which the Respondents have no jurisdiction, the Writ of mandamus is herby voluntarily withdrawn as moot.

Dated;_____ 2007



_____
Frank P. Sprouls

Motion to Dismiss Jordan v. Gonzalez, 07-3566 PJH

2